UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3272-WBV-JVM** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION: D (1)** |

## ORDER and REASONS

Before the Court is a Motion for Summary Judgment filed by defendants, BP Exploration & Production, Inc. and BP America Production Company (collectively, "BP").[1] The Motion was noticed for submission on January 11, 2022. Pursuant to Local Rule 7.5, any response was due by January 3, 2022. As of the date of this Order, no opposition has been filed.[2] Additionally, plaintiff, James Dixon, has not moved for an extension of the submission date or his deadline to file an opposition brief. Thus, the Motion is unopposed.

After careful review of the Motion, the record, and the applicable law, the Motion is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE.**

### I. FACTUAL BACKGROUND

This case arises from James Dixon's alleged exposure to harmful chemicals following the Deepwater Horizon oil spill that occurred on April 20, 2010. On January 11, 2013, United States District Judge Carl J. Barbier, who presided over the

---

[1] R. Doc. 17.
[2] The Court further notes that BP filed a Motion to Compel Discovery Responses on December 7, 2021 (R. Doc. 15), which was granted on December 21, 2021. *See*, R. Doc. 16. BP subsequently filed a Motion to Enforce Discovery Order on January 4, 2022, alleging that, despite that Court order, Dixon has failed to provide any responses to BP's interrogatories and requests for production of documents. *See*, R. Doc. 18. That motion remains pending. A response was due January 11, 2022; none was filed.

multidistrict litigation arising out of the Deepwater Horizon incident, approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA").³  The MSA includes a Back-End Litigation Option ("BELO") that permits certain class members, such as clean-up workers who follow procedures outlined in the MSA, to sue BP for Later-Manifested Physical Conditions ("LMPC's").⁴  The MSA defines a LMPC as a:

> physical condition that is first diagnosed in a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER after April 16, 2012, and which is claimed to have resulted from ... exposure to oil, other hydrocarbons, or other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES, where such exposure occurred on or prior to … April 16, 2012 for CLEAN-UP WORKERS.⁵

Dixon alleges that after the Deepwater Horizon oil spill, he was hired to operate vessels and assist with the clean-up of oil from Breton Sound and other surrounding waters of the Gulf of Mexico, which involved assisting with the unloading and collecting of cleanup boom and skimming spilled oil from the surface of the water.⁶  Dixon alleges that his assistance in the Deepwater Horizon clean-up effort exposed him to harmful substances, including "oil, chemical dispersants, and degreasing chemicals by, *inter alia,* inhalation, ingestion, dermal exposure, absorption of the skin, and through contact with the eyes."⁷  Dixon asserts that he was diagnosed with colon cancer and prostate cancer "after April 16, 2012," which

---

³ *See, Brown v. BP Expl. & Prod. Inc.*, Civ. A. No. 18-9927, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019) (citation omitted) (Africk, J.).
⁴ *Id.*
⁵ *Id.*
⁶ R. Doc. 1 at ¶¶ 59-61.
⁷ R. Doc. 1 at ¶¶ 59-62.

classifies them as LMPC's.[8] Dixon further alleges that he sustained these medical conditions "[a]s a proximate result of BP's negligence that resulted in Plaintiff [sic] exposure to crude oil, dispersants, degreasing chemicals and/or the mixtures of oil/dispersant/chemicals."[9]

BP filed the instant Motion on December 27, 2021, asserting that it is entitled to summary judgment because Dixon has not submitted an expert report and, thus, cannot prove that his alleged medical conditions were legally caused by his exposure to substances related to the Deepwater Horizon oil spill.[10] BP claims that the MSA requires BELO plaintiffs like Dixon to prove legal causation, *i.e.*, that their adverse physical conditions were caused by exposure to crude oil, dispersants, or other spill-related chemicals during their work in the clean-up response.[11] BP asserts that Dixon failed to identify a single expert witness who can offer any evidence of causation by the December 15, 2021 deadline set forth in the Court's Scheduling Order.[12] BP notes that while Dixon has produced medical records related to his January 2018 and October 2018 cancer diagnoses, these records do not discuss causation.[13] BP asserts that the Fifth Circuit and nine Sections of this Court have issued opinions expressly addressing the obligation of a BELO plaintiff to prove legal causation.[14] BP claims

---

[8] *Id.* at ¶ 65.
[9] *Id.* at ¶ 66.
[10] R. Doc. 17; R. Doc. 17-1 at pp. 2-6.
[11] R. Doc. 17-1 at p. 4 & n.5.
[12] *Id. See*, R. Doc. 14.
[13] R. Doc. 17-1 at p. 2, n.5 & p. 3 (*citing* R. Doc. 17-3).
[14] R. Doc. 17-1 at p. 3 & n.10 (citing *McGill v. BP Expl. & Prod. Inc.,* Case No. 19-60849, 830 Fed.Appx. 430 (5th Cir. 2020); *Baptiste v. BP Expl. & Prod. Inc.,* Civ. A. No. 18-9270, 2020 WL 2063678, at *3 (E.D. La. Apr. 29, 2020) (Feldman, J.); *Bucano v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 19-13185 (E.D. La. Aug. 4, 2021) (Feldman, J.); *Ordonez v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 18-9166, 2020 WL 5850081, at *3 (E.D. La. Oct. 1, 2020) (Brown, C.J.); *Torres v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 18-12652, 2020 WL 2197919, at *1 (E.D. La. May 6, 2020) (Barbier, J.); *Garcia-Maradiaga*

that due to the technical nature of the proof required to establish causation, BELO courts have uniformly concluded that BELO plaintiffs need expert testimony to meet their burden.[15]  BP argues that because Dixon failed to submit an expert report or make any expert disclosures by the Court's December 15, 2021 deadline, Dixon cannot meet his burden of proof on causation as a matter of law and his claims must be dismissed.[16]  Plaintiff did not file any response to BP's Motion.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 instructs that summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[17]  No dispute of material fact exists if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party.[18]  When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[19]  While all reasonable

---

*v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 18-11850, 2020 WL 491183, at *3 (E.D. La. Jan. 30, 2020) (Ashe, J.); *Turner v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 18-9897, 2019 WL 6895577, at *2 (E.D. La. Dec. 18, 2019) (Fallon, J.); *Rabalais v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 18-9718, 2019 WL 2546927, at *2 (E.D. La. June 20, 2019) (Africk, J.); *Banegas v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 17-7429, 2019 WL 424683, at *2 (E.D. La. Feb. 4, 2019) (Vance, J.); *Cibilic v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 15-995, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (Milazzo, J.); *Piacun v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 15-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016) (Morgan, J.)).
[15] R. Doc. 17-1 at p. 4 (citing *Baptiste,* Civ. A. No. 18-9270, 2020 WL 2063678 at *2; *Ordonez*, Civ. A. No. 18-9166, 2020 WL 5850081 at *3; *Torres*, Civ. A. No. 18-12652, 2020 WL 2197919 at *1; *Rabalais*, Civ. A. No. 18-9718, 2019 WL 2546927; *Cibilic*, Civ. A. No. 15-995, 2017 WL 1064954 at *2).
[16] R. Doc. 17-1 at p. 5.
[17] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).
[19] *Delta & Pine Land Co.*, 530 F.3d at 398-99 (citations omitted).

inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[20] The mere argued existence of a factual dispute does not defeat an otherwise property supported motion.[21] The non-moving party must do more than simply deny the allegations raised by the moving party, and must tender depositions, affidavits, and other competent evidence to buttress his claim.[22]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[23] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[24] If, however, the non-moving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim.[25] The burden then shifts to the non-moving party who must go beyond

---

[20] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[21] *Anderson*, 477 U.S. at 248, 106 S.Ct. 2510.
[22] *See, Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)).
[23] *Int'l Shortstop, Inc.*, 939 F.2d at 1264-65.
[24] *Id.* at 1265.
[25] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[26]

## III. ANALYSIS

As BP correctly points out, the Fifth Circuit and at least nine other Sections of this Court have uniformly held that, with regard to BELO plaintiff's in Dixon's position, "[a]bsent expert testimony, [a BELO plaintiff] cannot meet his burden of proof on causation."[27] The Court finds that because Dixon failed to identify a causation expert in this case by the Court's December 15, 2021 deadline[28] and did not move for an extension of that deadline, or for an extension of his deadline to respond to the instant Motion, he cannot meet his burden of proof on causation. Accordingly, BP is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that BP's Motion for Summary Judgment[29] is **GRANTED,** and this case is **DISMISSED WITH PREJUDICE.**

New Orleans Louisiana, January 13, 2022.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[26] *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (*quoting* Fed. R. Civ. P. 56(e)).
[27] R. Doc. 35 in *Bucano v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 19-13185 (E.D. La. Aug. 4, 2021) (quoting *Baptiste v. BP Expl. & Prod. Inc.,* Civ. A. No. 18-9270, 2020 WL 2063678, at *3 (E.D. La. Apr. 29, 2020)); *See, McGill v. BP Expl. & Prod. Inc.,* Case No. 19-60849, 830 Fed.Appx. 430 (5th Cir. 2020).
[28] R. Doc. 14.
[29] R. Doc. 17.